Collins, Judge,
delivered the opinion of the court:
Plaintiff is a former Marine Corps master sergeant who was discharged from that service on July 28, 1961, under *912 honorable conditions for the convenience of the Government. This administrative action was undertaken pursuant to regulations set forth in the Marine Corps Personnel Manual.[1] In this suit, plaintiff attacks the legality of his discharge, alleging it to have been the product of arbitrary and capricious action; relief in the form of back pay is the restitution sought. We find the claim to be without merit.
It is argued that the present case mirrors the issues presented in Sofranoff v. United States, 165 Ct. Cl. 470 (1964), and that authority is now urged upon us as a controlling precedent. Examination of the decision shows the reliance to be misplaced.
Like the present plaintiff, Sofranoff was separated from the Marine Corps by way of an administrative action that cut short his term of enlistment. There, as here, the military was prompted to take such action because of the individual’s sexual involvement with a minor. Sofranoff’s discharge was framed in terms of “unsuitability” and he was given a general discharge under honorable conditions. In the instant case, the discharge was under honorable conditions “for the convenience of the Government.” To this point, the two situations are broadly similar — beyond this point, they are not.
The basis of this court’s invalidation of Sofranoff’s discharge rested exclusively on the fact that the Marine Corps had failed to adhere to the regulations applicable to his case, i.e., it had denied him the benefit of a medical board evaluation even though regulations prescribed such a right in all cases in which an individual’s adjudged unsuitability rested upon a doubtful case of mental or physical disability. That regulation has not been shown to have application to this *913 case;[2] nor does plaintiff claim the violation of mvy other applicable regulation. WMle it is insisted that the discharge was “capricious and unlawful and contrary to regulations,” plaintiff has pointed to no specific error. Also, the record (at least without further clarification) seems clearly wanting in such defects. These omissions compel a different result.
A serviceman does not have a right per se to remain in service until the expiration of his enlistment. McAulay v. United States, 158 Ct. Cl. 359, 305 F. 2d 836 (1962), cert. denied, 373 U.S. 938 (1963); Reed v. Franke, 187 F. Supp. 905 (E.D. Va. 1960), aff'd, 297 F. 2d 17 (4th Cir. 1961). His removal prior to that time may be accomplished administratively, Rowe v. United States, 167 Ct. Cl. 468, 470-72 (1964), cert. denied, 380 U.S. 961 (1965), and such action would be subject to invalidation by the judiciary only if it exceeded statutory authority, Harmon v. Brucker, 355 U.S. 579 (1958), ignored procedural rights, Murray v. United States, 154 Ct. Cl. 185 (1961), or violated minimum concepts of fairness, Clackum v. United States, 148 Ct. Cl. 404, 296 F. 2d 226 (1960). Absent any such irregularity, there is no basis for judicial scrutiny for we may test the validity of a discharge only in terms of its legal sufficiency and not in terms of the military’s wisdom in discharging one of its members.
The point is argued that in receiving an administrative discharge, plaintiff was denied the benefit of a court-martial proceeding. But this (without more) does not constitute either arbitrary or capricious action. Responding to a like contention in Grant v. United States, 162 Ct. Cl. 600, 611 (1963), we pointed out that the military’s right to effect an administrative severance was not to be restricted merely because the conduct compelling the discharge could also have served as the basis for a court-martial proceeding. So long as an administrative discharge is not used as a summary guise for punitive action, see Clackum v. United States, supra, *914 the military remains within legally proper bounds when it chooses to grant an honorable discharge, for the Government’s convenience rather than pressing for a court-martial proceeding because of the individual’s wrongful conduct. See Rowe v. United States, supra, 167 Ct. Cl. at 471-72. It should be noted that a discharge for the convenience of the Government under honorable conditions, unlike some other types of discharge, does not carry with it any stigma or derogatory connotation to the public at large.
It is therefore our conclusion that the plaintiff’s motion for summary judgment must be denied and that his petition must be dismissed. Plaintiff’s discharge from service was a matter of executive discretion, exercised on the basis of undisputed facts (plaintiff admitted his complicity) and in a manner which transgressed neither statute nor regulations. The discharge cannot be set aside.
The Government’s motion is granted, and the petition is hereby dismissed.

 Paragraph 13-261 — the authority under which the Marine Corps proceeded in the instant case — states :
“1. The Commandant of the Marine Corps may authorize or direct the discharge or release from active duty of enlisted personnel for the convenience of the Government for any one of the following reasons:
* * * * *
“f. Other good and sufficient reasons when determined by the Commandant of the Marine Corps or the Secretary of the Navy.”
The Marine Corps regulations pertaining to administrative discharges are also set out in 32 C.F.R.. §§730.50-164 (1962) ; like regulations applicable to the Navy Department are to be found in 32 C.F.R. §§ 730.1 — .17 (1962, Supp. 1966).

 unlike the regulations appropriate to an “unsuitability” discharge, the regulations governing discharges for “governmental convenience” do not appear to afford the serviceman, in a case of doubtful mental or physical disability, the benefit of a medical board evaluation. Compare 32 C.F.R. § 730.61 (1962) with 32 C.F.R. §730.65 (1962). Plaintiff does not argue this discrepancy to be unlawful per se, nor does he contend injury because of its application to his case.