“This military pay case comes before the court under our Rules 134 and 143 on facts jointly stipulated.
“Plaintiff, a reserve officer, seeks to have this court enter an order directing the Secretary of the Air Force to revoke plaintiff’s transfer to the retired reserve and to order plaintiff restored to active duty status until December 31, 1977. Plaintiff contends that he had a contract with the U.S. Air Force, that pursuant to that contract the Government was obligated to retain plaintiff on active duty until he reached age 60 and retired, and that defendant breached that contract by releasing plaintiff to inactive duty prior to his reaching age 60.
*532 “Plaintiff’s contractual theory ignores the well-established principles that there is no vested right to Federal employment and that a soldier’s status is created entirely by statute and can be altered or taken away by statute. Bell v. United States, 366 U.S. 393, 401 (1961); Norman v. United States, 183 Ct. Cl. 41, 49, 392 F. 2d 255 (1968).
“The controlling statutory language governing the release of reserve officers from active to inactive duty is found in 10 U.S.C. § 681 which provides in pertinent part that:
(a) * * * the Secretary concerned may at any time release a Reserve under his jurisdiction from active duty.
“Reserve officers, such as the plaintiff, do not possess indefinite commissions and can under § 681(a) be released from active duty at any time. Denton v. United States, 204 Ct. Cl. 188, 200 (1974), cert denied, 421 U.S. 963 (1975). The conditions and circumstances governing that release rest within the sound discretion of the service. Abruzzo v. United States, 206 Ct. Cl. 731, 737, 513 F. 2d 608, 611 (1975).
“By letter plaintiff was informed by the acting director of the Selective Service System that “[d]ue to budgetary and authorization limitations” he would be released from active to inactive duty. As a result of the recommendation of the Selective Service System, the Secretary of the Air Force directed that plaintiff be released from active duty. We find that in the case at issue, the Secretary of the Air Force exercised the discretion granted to him by 10 U.S.C. § 681.
“Plaintiff has failed to establish that his active duty with the Air Force was contractual in nature. Rather, we find that plaintiff’s service was predicated upon and governed by statutes and that plaintiff’s release from active to inactive duty was accomplished in accordance with those statutes. Therefore,
“it is ordered that plaintiff’s motion for summary judgment be and is hereby denied, that defendant’s cross motion for summary judgment be and is hereby granted, and that plaintiff’s petition be and is hereby dismissed.”