This case, transferred from the United States District Court for the Northern District of Alabama, comes before this court on defendant’s motion to dismiss for lack of subject matter jurisdiction. Plaintiff alleges that the United States Army has wrongfully decided to release him from active duty prior to the expiration of his five-year duty agreement. Accordingly, plaintiff seeks "a temporary restraining order, preliminary injunction and permanent injunction” to preserve his active status, a declaratory judgment invalidating Fort McClellan fraternization regulation 632-1, and "damages for breach of contract and violation of rights to privacy.” We hold plaintiffs claim barred by lack of subject matter jurisdiction.
Plaintiff is a Lieutenant Colonel in the United States Army Reserve with over twenty years of service. After going on active duty with the Army on September 6, 1977, he received his present five-year assignment, scheduled to end November 1, 1984, as Reserve Component Advisor to the United States Army Chemical School at Fort McClellan, Alabama.
In July of 1980, plaintiff made two telephone calls of a private and personal nature to a young female basic trainee, in violation of Fort McClellan’s base regulation against fraternization with enlisted personnel. Plaintiff alleges that he was unaware of the existence of this regulation. Plaintiffs superiors investigated the incident, issued plaintiff a letter of reprimand and recommended that plaintiff be involuntarily released from active duty. A Board of Officers was convened on September 29, 1980, to consider plaintiffs case and recommended that he be transferred to another installation rather than be released from active duty. The Commanding General, however, disregarded this recommendation and notified plaintiff that *548 he would be involuntarily released from active duty effective October 31,1980.
Plaintiff filed suit in federal district court seeking injunctive relief and damages in the amount of $250,000 for breach of an alleged contract and violation of his rights to privacy. At the time his suit was filed in District Court, plaintiff was still on active duty at Fort McClellan.[1] The district court characterized plaintiffs claim as a breach of contract action against the United States, but transferred the case to this court because the district court lacked subject matter jurisdiction over that part of plaintiffs claim for monetary relief which exceeded the district court’s $10,000 Tucker Act limitation. 28 U.S.C. § 1346(a)(2) (1976 & Supp. III 1979). The district court further held that "[t]he combining of a claim for damages in excess of $10,000 for alleged breach of contract with a request for injunctive and declaratory relief does not alter the exclusive jurisdiction of the Court of Claims over the action.” Hix v. Granger, No. CV80-H-1345-E (N.D. Ala., May 11, 1981).
Plaintiff did not amend his pleadings or prayer for relief after his suit was transferred to this court. Defendant asserts that this court lacks jurisdiction to entertain the action and has filed a motion for dismissal, to which plaintiff has failed to reply. With all due respect for the district court, we agree with defendant.
Plaintiffs breach of contract theory ignores the well-established principle that a military officer’s status has no contractual basis. Bell v. United States, 366 U.S. 393 (1961); Norman v. United States, 183 Ct. Cl. 41, 392 F.2d 255 (1968), cert. denied, 393 U.S. 1018 (1969). A reserve officer does not possess an indefinite commission and can be released from active duty at any time. Denton v. United States, 204 Ct. Cl. 188 (1-974), cert. denied, 421 U.S. 963 (1975); Adams v. United States, 212 Ct. Cl. 531 (1976). Thus, plaintiffs claim against the government for breach of contract must fail.
Plaintiff in addition is seeking from this court the purely equitable remedies of (1) injunction against an anticipated future breach of contract (as noted above, plaintiff has not *549 yet been released from active duty), (2) declaratory judgment as to the alleged contract, and (3) declaratory judgment invalidating the Fort McClellan fraternization regulation. These are the very types of remedies that this court is unable to give. As the United States Supreme Court pointed out, "[throughout its entire history, . . . [the Court of Claims’] jurisdiction has been limited to money claims against the United States Government. . . . [T]he Court of Claims’ jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and . . . such a waiver cannot be implied but must be unequivocally expressed.” United States v. King, 395 U.S. 1, 3-4 (1969). Thus, "cases seeking relief other than money damages from the Court of Claims have never been 'within its jurisdiction.’”[2] Id. at 4. Accord, United States v. Testan, 424 U.S. 392 (1976). Plaintiffs request for such relief must therefore fail.
Finally, plaintiff seeks damages for "violation of rights to privacy.” His allegations of such violations sound in tort and are thus outside this court’s jurisdiction as granted by the Tucker Act, 28 U.S.C. § 1491. This Act expressly provides in pertinent part as follows:
The Court of Claims shall have jurisdiction to render judgment upon any claims against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.. . . [Emphasis added.]
The Court has consistently recognized this statutory limitation on its jurisdiction. See e.g., Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F.2d 817 (1974); Clark v. United States, 198 Ct. Cl. 593, 461 F.2d 781, cert. denied, 409 U.S. 1028 (1972).
In sum, the plaintiff has requested no relief that is within the jurisdiction of this court to award.
*550 Accordingly, it is therefore ordered, after consideration of the submissions of the parties, without oral argument of counsel, defendant’s motion to dismiss for lack of subject matter jurisdiction is granted. Plaintiffs petition is hereby dismissed.
Plaintiffs motion to alter, amend or set aside judgment was denied December 4,1981.

 Defendant informs the court that plaintiff is still on active duty status as of the filing of its motion to dismiss on August 5,1981, and plaintiff has failed to provide any contradictory information.

 The Court of Claims can give a declaratory judgment only in limited cases authorized specifically by statute or to implement a money judgment. Gentry v. United States, 212 Ct. Cl. 1, 546 F.2d 343 (1976); Austin v. United States, 206 Ct. Cl. 719, cert. denied, 423 U.S. 911 (1975).