Defendant's Appendix B, pp. A120, A121, A133, A134, A140–142, and A148.

**Michael K. CRAGER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 322–87 C.

United States Claims Court.

Feb. 6, 1989.

J. Byron Holcomb, Bainbridge Island, Wash., for plaintiff.

John S. Groat, Washington, D.C., with whom was David M. Cohen, Director, for defendant. LCDR Brian D. Robertson, CDR Joseph Brooks, Dept. of the Navy, of counsel.

### ORDER

HORN, Judge.

On June 4, 1987, plaintiff filed a complaint in this court seeking judicial relief pursuant to 10 U.S.C. § 1552(a) (Supp. I 1983) and claiming jurisdiction under 28 U.S.C. § 1491 (Supp. I 1983). Plaintiff claims that the Assistant Secretary for Naval Manpower and Reserve Affairs acted

arbitrarily and capriciously when the Assistant Secretary overturned a favorable Board for Correction of Naval Records (BCNR) recommendation which called for plaintiff's reinstatement into the Navy. Plaintiff requests that the court overturn the Assistant Secretary's decision to reinstate the plaintiff, expunge all records from his file pertaining to the discharge, and award him backpay. In its August 3, 1987 Motion To Dismiss, defendant contends that a decision to discharge enlisted personnel is an act committed, by both statute and regulation, to the Secretary of the Navy's discretion and not reviewable in this court.

Upon consideration of the filings submitted by both parties, upon representations made to the court at oral argument, and for the reasons stated herein, defendant's Motion To Dismiss is hereby DENIED.

### I. Factual Background

Plaintiff, prior to his separation from the Navy, was a member of the Navy's Training and Administration of Reserve program (TAR).[1] Following a summary court officer's finding that plaintiff had committed a sex offense during a prior enlistment, plaintiff appeared, on April 17, 1985, before a Naval Discharge Review Board (NDRB).[2] In light of all the evidence presented before the board, the NDRB found plaintiff guilty of committing a serious offense warranting

his discharge. Accordingly, on April 17, 1985, the NDRB recommended plaintiff's discharge pursuant to NAVAL PERSONNEL MANUAL (NAVPERSMAN) ¶ 3610200 (October 1984), a regulation permitting the separation of enlisted personnel.[3]

Subsequently, at a time not indicated in the record, plaintiff sent a letter to the Naval Military Personnel Command (NMPC), challenging the NDRB's ruling. Plaintiff claimed that the NMPC lacked the authority to issue a separation notice since his misconduct arose during a prior enlistment. Persuaded that it could not process plaintiff's discharge pursuant to NAVPERSMAN ¶ 3610200, the NMPC notified plaintiff, on June 20, 1985, of its intent to discharge plaintiff pursuant to NAVPERSMAN ¶ 3630900 (October 1982), a regulation permitting separation when "in the best interests of the naval service." [4]

On August 20, 1985, plaintiff submitted a letter to the Secretary of the Navy, challenging the propriety of the NMPC decision to discharge him. Unpersuaded by the appeal, on September 20, 1985, the Assistant Secretary for Naval Manpower and Reserve Affairs, approved plaintiff's discharge reasoning that such a separation was in the best interests of the service.[5]

Thereafter, in November of 1986, plaintiff filed a petition with the Board for Cor-

---

1. The factual information relied upon by the court is primarily based on the *Review Of Naval Record of EX–SK2 Michael K. Crager, USNR–R (TAR) 288–50–3302*, BCNR Recommendation (April 14, 1987), submitted to the court by the plaintiff, and cited to by the defendant in its papers filed with the court.

2. A Naval Investigation Service report accused Lt. Crager of exposing himself to a female civilian employee and masturbating before her while the two were returning from a job-related course of instruction.

3. The relevant part of the provision reads:
   4. The following bases for administrative separation are so detrimental to appropriate standards of conduct and performance that processing for administrative separation is mandatory: ...

c. Commission of a serious offense ... that reflects sexual perversion ... including but not limited to ... indecent exposure.... NAVPERSMAN ¶ 3610200 (October 1984).

4. This provision states in pertinent part:
   1. Basis. Regardless of any limitations on separation provided by this manual, the Secretary of the Navy may direct the separation of any member prior to expiration of that member's term of service after determining it to be within the best interests of the naval service. This reason shall not be used if any other reason or reasons would be appropriate. NAVPERSMAN § 3630900 (October 1982).

5. Secretary of the Navy Instruction (SECNAVINST) 5430.7L (June 9, 1979) provides that the Assistant Secretary for Naval Reserve and Manpower Affairs is responsible for the overall supervision of manpower and reserve component affairs of the NAVY.

rection of Naval Records (BCNR) claiming that his separation was improper. Both the majority and minority members of the board upheld plaintiff's separation from the Navy as correct both on substantive and procedural grounds pursuant to NAVPERSMAN ¶ 363900. Nonetheless, the three members of the BCNR could not unanimously decide whether a discharge pursuant to NAVPERSMAN ¶ 3630900 was desirable in this instance.

The two-member majority believed that separation might be inappropriate due to: 1) the reticence of the victims in filing charges against plaintiff; 2) the nature of plaintiff's misconduct;[6] 3) the light sentence imposed by the summary court officer;[7] 4) the personal problems then confronting plaintiff;[8] and 5) plaintiff's otherwise excellent performance.

The one dissenting Board member, however, found otherwise. This member noted that, due to the sexual nature of the offense, the victims' reluctance to file charges was understandable, that the plaintiff's conduct constituted "moral turpitude," and concluded that the totality of the circumstances supported the Assistant Secretary's initial decision to discharge plaintiff. On April 28, 1987, the Assistant Secretary for Naval Manpower and Reserve Affairs endorsed the minority recommendation, thereby, ordering plaintiff's discharge from the Navy's Training and Administration of Reserve program.

Subsequently, plaintiff filed a complaint in this court on June 4, 1987. In his complaint, plaintiff asserts that: 1) the Assistant Secretary acted arbitrarily and capriciously in overruling the BCNR's recommendation; 2) the Assistant Secretary, as required by regulation, 32 C.F.R. § 723.7 (1986), failed to adequately justify his decision to discharge plaintiff; and 3) the Secretary improperly delegated his authority to review BCNR recommendations to the Assistant Secretary for Naval Reserve and Manpower Affairs.

On August 3, 1987, defendant filed its Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Claims Court. Defendant contends that plaintiff has failed to raise a cause of action cognizable under 28 U.S.C. § 1491(a)(2) (Supp. I 1983), since under the circumstances of this case, plaintiff's discharge was committed by statute to the Secretary of the Navy's discretion. Defendant points out that 10 U.S.C. § 1162(a) (1982) provides that the Secretary may discharge enlisted personnel under prescribed regulations. In the instant case, the Assistant Secretary invoked NAVPERSMAN ¶ 3630900 discharging the plaintiff from the Navy's Training and Administration of Reserve program. Given that 10 U.S.C. § 1162(a) (1982) permits discharge under prescribed regulations and without further limitation, defendant contends that the Secretary has plenary authority to discharge plaintiff. Defendant argues that since plaintiff cannot show that the Assistant Secretary violated an applicable statute or regulation, plaintiff should not be able to challenge the Assistant Secretary's exercise of his discretion. Consequently, defendant claims that the plaintiff has failed to state a cause of action within the court's jurisdiction and that the case should be dismissed.

In plaintiff's response to defendant's motion to dismiss, plaintiff raises the following two arguments in addition to the three contentions raised in the complaint: 1) the NMPC lacked the authority to issue a separation pursuant to NAVPERSMAN ¶ 3630900; and 2) the Navy failed to comply with the procedures outlined in NAVPERSMAN ¶ 3630900.

---

6. The majority characterized such conduct as an "unaggravated case of indecent exposure ... made only to one other person ... [who] was not a youth but a relatively mature woman. The act was not repeated."

7. The summary court officer fined plaintiff two hundred dollars. To the majority, such a pun-

ishment constituted a lenient sentence since the officer could have reduced plaintiff's enlisted grade, confined him for one month, and withheld two-third's of one-month's pay.

8. The majority appeared to be sensitive to plaintiff's alcohol problems.

On October 22, 1987, the court ordered the parties to submit supplemental briefs addressing the authority of the Assistant Secretary for Naval Manpower and Reserve Affairs "to discharge plaintiff in the best interest of the service." On November 6, 1987, the defendant filed the requested memorandum and on November 10, 1987, plaintiff filed a "Memorandum Against Authority." In plaintiff's submission, he raised a sixth argument based upon the principle that the Assistant Secretary's ability to review his own earlier discharge decision violated plaintiff's right to due process.

## II. *Discussion*

The purpose of Rule 12(b) of the Rules of the United States Claims Court, RUSCC 12(b), 28 U.S.C. (Supp. IV 1986), is to promote the expeditious presentation and disposition of defenses and objections. The defendant, following receipt of a complaint and prior to filing its responsive pleading, has the option of first filing a motion with the court on any of the four enumerated defenses in RUSCC 12(b).

> (b) *How presented* ... [T]he following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) insufficiency of process, (4) failure to state a claim upon which relief can be granted. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

RUSCC 12(b), 28 U.S.C. (Supp. IV 1986).

RUSCC 12(b)(1), the defense upon which defendant in the instant case has moved the court, addresses itself solely to the court's subject matter jurisdiction to review the actions of the Assistant Secretary. On a motion under RUSCC 12(b)(1), the court's inquiry into the facts is essentially limited, to the content of the complaint.

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1973). In the instant action, the court, therefore, is limited to deciding the defendant's motion to dismiss within the context of the well established principle that the allegations of fact outlined in the complaint be accepted and construed in a light most favorable to the plaintiff. *White Mountain Apache Tribe v. United States*, 8 Cl.Ct. 677, 681 (1985).

■ Based on the facts presented to the court thus far, it would appear that the Assistant Secretary acted in two distinct capacities when reviewing plaintiff's case. Endorsing an NMPC decision that plaintiff be discharged, the Assistant Secretary exercised his power to separate plaintiff from the Navy pursuant to NAVPERSMAN ¶ 3630900. Subsequently, plaintiff filed a claim with the BCNR challenging the propriety of the Assistant Secretary's decision. When the BCNR recommendation favored plaintiff's reinstatement in the Navy, the Assistant Secretary invoked independent authority, 32 C.F.R. 723.7 (1986), to review and to overrule the board's decision.[9] Thus, defendant has failed to appreciate that the permissible scope of judicial review varies according to which action of the Assistant Secretary the court is reviewing.

---

**9.** The regulation provides that:

The record of proceedings of the Board [BCNR] ... will be forwarded to the Secretary of the Navy who will direct such action in each case as he determines to be appropriate....

32 C.F.R. § 723.7 (1986).

The Assistant Secretary's initial decision to discharge plaintiff pursuant to NAVPERSMAN ¶ 3630900, may arguably be an act committed to the discretion of the Secretary of the Navy, and, therefore, not for review in this court. *See Voge v. United States*, 844 F.2d 776, 779–80 (Fed.Cir. 1988). In light of *Voge*, the statutory/regulatory scheme in question in this case may not present sufficient tests or standards for the court to apply in assessing the propriety of the Assistant Secretary's initial decision to discharge plaintiff. As a result, the controversy may be nonjusticiable. Indeed, if the court took it upon itself to second guess the propriety of daily decisions committed to the discretion of the military, the court would be infringing improperly upon the very management duties entrusted to another branch of government. *Orloff v. Willoughby*, 345 U.S. 83, 93, 73 S.Ct. 534, 539, 97 L.Ed. 842 (1953). "Accordingly, absent a statute or regulation entitling a service member [to the relief sought] as a matter of law, the [United States] Claims Court has no authority to entertain this claim." *Voge*, 844 F.2d at 782 (citations omitted).

Whereas the Assistant Secretary's initial determination may be inappropriate for judicial review, it is clear that the Assistant Secretary's decision to overrule a BCNR recommendation is a decision which this court may review. *Boyd v. United States*, 207 Ct.Cl. 1, 8, 9, *cert. denied*, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1975). After acknowledging that the United States Court of Claims, this court's predecessor court, had jurisdiction, the court in *Boyd* discussed the grounds for reviewing and rejecting a Secretary's decision. In particular, the court may reject the Assistant Secretary's decision, if the Assistant Secretary has exercised his discretion "arbitrarily or capriciously, in bad faith, con-

trary to subtantial evidence, or where he has gone outside the board record, or fails to explain his actions, or violates applicable law or regulations." *Id.* Since plaintiff's cause of action questions the propriety of the Assistant Secretary's decision when reviewing a BCNR recommendation, plaintiff has presented a claim over which the court has jurisdiction.

In "Plaintiff's Memorandum In Response To Defendant's Motion To Dismiss," plaintiff correctly notes that defendant's reliance on the precedent cited in defendant's Motion to Dismiss is misplaced. First, in the cases cited by defendant, the courts were either ruling on a motion for summary judgment, *Alberico v. United States*, 783 F.2d 1024 (Fed.Cir.1986); *Birt v. United States*, 180 Ct.Cl. 910 (1967); *Adams v. United States*, 546 F.2d 431, 212 Ct.Cl. 531 (1976), or on a petition for mandamus. *Denby v. Berry*, 263 U.S. 29, 44 S.Ct. 74, 68 L.Ed. 148 (1923). In the instant case, the court is presented with a motion to dismiss. Furthermore, each of the above-cited cases can be distinguished from the instant case on the facts. In each, the plaintiff sought judicial review of an official's initial discharge authority, not of the official's authority to review a BCNR decision.[10]

■ Additionally, as plaintiff notes, this court has jurisdiction to review the decision of a Secretary of one of the branches of the armed forces which reverses a correction board's recommendation, even if he is reviewing his own decision. *Weiss v. United States*, 408 F.2d 416, 418, 422, 187 Ct.Cl. 1, 5, 12 (1969); *Jones v. United States*, 7 Cl.Ct. 673, 677–78 (1985).

CONCLUSION

For the foregoing reasons, defendant's Motion To Dismiss is DENIED. The Clerk of the Court is directed to enter judgment

---

**10.** *See Denby v. Berry*, 263 U.S. 29, 44 S.Ct. 74, 68 L.Ed. 148 (1923) (plaintiff alleges that his release from active service and the Secretary of the Navy's refusal to refer his case to a retiring board was improper); *Alberico v. United States*, 783 F.2d 1024 (Fed.Cir.1986) (plaintiff challenges the amendment to Army Regulation 635–100 which permitted discharge of a convicted officer without notice or an opportunity for a

hearing); *Birt v. United States*, 180 Ct.Cl. 910 (1967) (plaintiff contests his discharge pursuant to Marine Corps Personnel Manual ¶ 13261, a regulation permitting discharge or release from active duty); *Adams v. United States*, 212 Ct.Cl. 531 (1976) (plaintiff asserts that his transfer from active to inactive duty pursuant to 10 U.S.C. § 681 was improper).

in accordance with the findings herein. By separate order, the court will schedule a status conference in the near future to set a firm schedule for further proceedings in the case.

IT IS SO ORDERED.