104 F.3d 374
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
N. Jerome WILLINGHAM, Plaintiff-Appellant,
v.
UNITED STATES, Defendant-Appellee.
 No. 96-5127.
 United States Court of Appeals, Federal Circuit.
 Nov. 19, 1996.
 
 Before ARCHER, Chief Judge, NEWMAN and MICHEL, Circuit Judges.
 
 
 1
 N. Jerome Willingham ("Willingham") appeals from the June 6, 1996 decision of the United States Court of Federal Claims, denying the government's motion to dismiss, granting the government's motion for summary judgment, denying Willingham's cross-motion for summary judgment and dismissing the complaint. The trial court held that, although it possessed subject matter jurisdiction and Willingham presented a justiciable controversy, the government had proven that the decision of the Secretary of the Navy to discharge Willingham was proper, in accordance with the relevant statutes, regulations and guidelines, and was not arbitrary or capricious. We affirm.
 
 
 2
 Willingham enlisted in the United States Marine Corps on July 7, 1984. On that day, he signed a Service Agreement for the Officer Candidate Class (Law) Program which provided that he would serve for at least eight years in the Marine Corps Reserve from the date of his appointment to commissioned grade. Willingham was commissioned as an officer on December 14, 1984 and served on active duty in the United States Marine Corps as a Judge Advocate until December 1, 1987; upon his release from active duty he was placed in the Individual Ready Reserve Program.
 
 
 3
 On July 30, 1993, the Marine Corps Reserve Support Command notified Willingham that the Marine Corps Reserve Officer Mobilization Potential Screening Board ("the Board") would be reviewing his service and would make recommendations regarding his retention in the Reserves.[1] This letter notified Willingham that reservists who earned less than 27 retirement points per anniversary year could be separated,[2] that "in the meantime" he had several options including resuming active participation in a reserve program or appearing in person before the Board, that he should notify the Board of his intentions no more than 10 days after receipt of the letter and that a failure to do so would constitute a waiver of his rights. Willingham received this letter on August 16, 1993, but he did not respond to it. The Board met in the fall of 1983 and recommended Willingham's separation, but Willingham was not immediately notified of this decision due to the time needed for the Secretary of the Navy to approve the recommendation.
 
 
 4
 In the meantime, in the spring of 1994, Willingham was contacted by the Marine Corps inquiring whether he would be willing to be called for a period of active duty under the Active Duty Special Work Program from June 20 to September 9, 1994. He agreed and began working. However, on July 20, 1994, he was informed he had been discharged pursuant to the earlier notice letter.
 
 
 5
 On appeal, Willingham does not argue the merits of the decision to discharge him, but only argues that the Navy did not follow the proper procedures. Most of Willingham's arguments, e.g., he did not receive his discharge form and he had a back injury, were adequately addressed by the trial court and we find no error in the trial court's decision. In addition, Willingham raises two issues not addressed by the trial court.
 
 
 6
 First, Willingham contends the trial court erred in granting summary judgment under Court of Federal Claims Rule ("CFCR") 56.1, because the administrative record is insufficient to decide the issues and because he filed his motion under Court of Federal Claims Rule 56. However, we see no error in the decision to utilize CFCR 56.1, as the government brought its motion under that rule. Moreover, the trial court's decision specifies that it considered the entire record.
 
 
 7
 Second, Willingham argues that his discharge breached an implied-in-fact contract between Willingham and the government which was created when he accepted the order to temporary active duty under the Active Duty Special Work Program and that he is entitled to pay for his service through September 9, 1994. The trial court unfortunately did not address this argument, as it should have in ruling on the summary judgment motions. However, we may address this issue as it is purely legal and a remand for fact finding would serve no purpose.
 
 
 8
 Willingham's right to pay is governed by statutes and regulations rather than contract. Bell v. United States, 336 U.S. 393, 401 (1961) ("Preliminarily, it is to be observed that common-law rules governing private contracts have no place in the area of military pay. A soldier's entitlement to pay is dependent upon statutory right."). Thus, Willingham's "breach of contract theory ignores the well-established principle that a military officer's status has no contractual basis. A reserve officer does not possess an indefinite commission and can be released from active duty at any time." Hix v. United States, 229 Ct. Cl. 546, 548 (1981) (dismissing officer's breach of contract claim alleging five year assignment was breached when he was told he would be released for fraternizing with enlisted personnel) (citations omitted). Although Willingham accepted an active duty assignment, he was not contractually entitled to retain such active duty status until September 9, 1994; he was only entitled to assurance that the Marine Corps would follow all applicable rules and regulations if it chose to discharge him. This the Marine Corps did. While Willingham argues that because he was on active duty he could only be discharged for cause, he points to no statute or regulation which would support his argument and we are aware of none. Nothing in SECNAVINST 1920.6A indicates that it ceased to apply if an officer accepts a temporary assignment after the Board has made its recommendation. Moreover, the letter sent to Willingham specifically instructed him to notify the Board within ten days if he chose to resume active status; this he failed to do. Additionally, Marine Corps Order 1001R.56, the Order which refers to the Active Duty Special Work Program, specifically provides that it is not intended to circumvent augmentation or retention (or, presumably, separation) procedures or to create career status.
 
 
 
 [1]
 This action was taken pursuant to Secretary of Navy Instruction ("SECNAVINST") 1920.6A which authorizes the separation of reserve officers not on active duty for lack of mobilization potential
 
 
 [2]
 Willingham does not dispute that he failed to earn the required 27 points and was thus eligible for separation