**Oswald ORONA**

v.

**The UNITED STATES.**

No. 663–82C.

United States Claims Court.

Dec. 12, 1983.

Larry R. Hill, Alamogordo, N.M., for plaintiff.

Alexander Younger, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, for defendant.

## OPINION

COLAIANNI, Judge:

This case, in which plaintiff seeks review of the propriety of his discharge from the Army and Air Force Exchange Service (AAFES), is now before the court on defendant's alternative motions for dismissal of plaintiff's complaint or for summary judgment. Plaintiff sought review pursuant to the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1), arguing that his claim was for breach of an employment contract. This court finds, for the reasons stated below, that plaintiff's employment by the AAFES was through appointment and not by contract, and therefore this court has no jurisdiction under the Tucker Act to consider his claim. Plaintiff also alleged jurisdiction pursuant to 28 U.S.C. § 1631, but that statute merely provides for transfer of a case to a court in which it initially could have been brought. It is not an independent grant of jurisdiction.

### Facts

On December 8, 1981, Mr. Orona was discharged for cause from his employment with the AAFES. Mr. Orona had been employed by the AAFES since June 6, 1955, and at the time of his removal was designated the Automotive Activity Manager for the service station at Holloman Air Force Base. In his amended complaint, plaintiff states that AAFES based the dismissal on his "failure to properly discharge his duties as Automotive Activity Manager thereby resulting in the non-discovery of a major gasoline leak which caused an economic loss to AAFES of approximately $175,000.00 and created a serious safety and health hazard in the vicinity of the Holloman AFB service station."

Mr. Orona appealed his discharge and, on April 6, 1982, was afforded a full evidentiary hearing before an AAFES hearing examiner. At that hearing, plaintiff was represented by counsel and "was afforded the opportunity to cross-examine witnesses, ex-

amine all documentary evidence against him, and introduce testimonial and documentary evidence in his behalf." Amended complaint at 3. Based upon the evidence presented, the hearing examiner recommended that plaintiff's removal for cause be set aside. The hearing examiner noted that, as an alternative to discharge for cause, plaintiff could be discharged for disability because of plaintiff's physical ailments.

On July 14, 1982, the Deputy Commander, AAFES, acting as appellate authority, denied plaintiff's appeal and confirmed the discharge for cause, effective December 10, 1981. Mr. Orona received written notice of this final decision on July 16, 1982.

Plaintiff next sought judicial relief. He originally filed this action on August 16, 1982, in the United States District Court for the District of New Mexico, seeking reinstatement and back pay for the period of discharge. That court ruled, on December 14, 1982, that it had no jurisdiction to hear plaintiff's claim "since both parties acknowledge that the claim against the United States exceeds $10,000 and the jurisdiction of the United States Claims Court is, therefore, exclusive." Pursuant to 28 U.S.C. § 1631, the district court transferred the case to this court. Plaintiff amended his complaint on March 1, 1983, invoking the jurisdiction of this court under 28 U.S.C. §§ 1346(a)(2), 1491(a)(1), and 1631.

On May 2, 1983, defendant moved to dismiss the amended complaint, pursuant to RUSCC 12(b)(1), arguing that this court lacks subject matter jurisdiction over the action. Defendant based its motion to dismiss on the recent case of *Army and Air Force Exchange Service v. Sheehan*, 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982), which held that the Tucker Act does not grant the federal courts jurisdiction to review an employee's discharge by the AAFES when that employee obtained his position by appointment rather than contract.*

---

* Although *Sheehan* concerned Tucker Act review by a district court under 28 U.S.C. § 1346(a)(2), the court's holding applies equally to Claims Court review under 28 U.S.C.

Plaintiff responded on May 23, 1983, acknowledging that "the crux of the jurisdictional issue" is his status as an employee of the AAFES. In his response, plaintiff agreed that *Sheehan* and the decisions on which it is based—

distinguish employees who are employed by contract and employees who are appointed. Those employees who have an employment contract can bring their cases before the Federal Courts, specifically, the U.S. Claims Court. Those employees who are employed by appointment cannot.

Plaintiff attached to this response his affidavit, which stated in pertinent part:

3. That he was under the universal employment contract.

4. That he was never appointed pursuant to the Executive Management Program of the Army and Air Force Exchange Service.

5. That his was an employment contract with the Army and Air Force Exchange Service.

On June 8, 1983, defendant replied to plaintiff's response, amending its motion to dismiss to include one for summary judgment in the alternative. Addressing the issue of the method by which plaintiff was hired, defendant attached the affidavit of Mr. James H. Henry, director of the Personnel Division, AAFES. Mr. Henry, as the official custodian of plaintiff's Career Management File, averred:

Mr. Orona was appointed as an employee of the Army and Air Force Exchange Service on the 6th day of June 1955. He was appointed as an ordinary employee and not as a contract employee; he was never a contract employee during his service with the Army and Air Force Exchange Service. All ordinary employees of the Army and Air Force Exchange Service hold their positions by appointment and Mr. Orona was such an employee until his termination.

§ 1491(a)(1). The only difference between these sections is that the district courts are limited to hearing claims of $10,000 or less;

On November 23, 1983, this court issued an order offering plaintiff the opportunity for oral argument to rebut defendant's contentions. The court also addressed the sufficiency of plaintiff's affidavit, particularly that of statements 3, 4 and 5. The order stated, in pertinent part:

Statement 4, denying appointment "pursuant to the Executive Management Program [EMP]" is irrelevant to the present issue. Though *Sheehan* concerned an appointment to that program, the court's holding was in no way limited to employees in the EMP. The court in *Sheehan,* and in the earlier case of *United States v. Hopkins,* 427 U.S. 123 [96 S.Ct. 2508, 49 L.Ed.2d 361] (1976) (per curiam), held that employment by appointment forecloses review under the Tucker Act. Statements 3 and 5 are merely allegations without explanation or record support.

\* \* \* \* \* \*

It is concluded, based solely on the pleadings and their attached affidavits, that plaintiff was employed by the AAFES through appointment. However, if plaintiff wishes to have an oral argument to present facts or arguments additional to those now before the court, he may move for a hearing no later than December 9, 1983. Plaintiff will be expected to submit support for his statements 3 and 5 that he was employed pursuant to "the universal employment contract" and "his was an employment contract."

Plaintiff has failed to request a hearing. Nor has he responded to defendant's amended motion or attempted to rebut the affidavit of Mr. Henry. He has submitted no support for his claim that he was employed pursuant to contract.

## Discussion

This case is now before the court on defendant's alternative motions for dismissal or for summary judgment. The parties

"[b]oth jurisdictional provisions are otherwise identical." *Id.* at 734–35, n. 5, 102 S.Ct. at 2122 n. 5.

are in agreement as to all facts stated above, with the lone exception of the one fact essential for decision: Plaintiff's method of employment, through appointment or by contract, by the AAFES.

In his amended complaint, plaintiff asserts that this court has jurisdiction over his claim pursuant to the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1), and the transfer section of the Federal Courts Improvement Act of 1982, 28 U.S.C. § 1631. For the following reasons, the court concludes that neither statute grants it jurisdiction over plaintiff's claim, and therefore defendant's motion to dismiss is granted.

The Supreme Court has considered and determined the jurisdictional limits of the Tucker Act when an employee sues the AAFES for wrongful discharge. *See Army and Air Force Exchange Service v. Sheehan,* 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982); *United States v. Hopkins,* 427 U.S. 123, 96 S.Ct. 2508, 49 L.Ed.2d 361 (1976) (per curiam). *Sheehan* and *Hopkins* are controlling and dispositive of the present action.

■ The Tucker Act grants the Claims Court jurisdiction over suits upon any express or implied contract with the AAFES. *United States v. Hopkins,* 427 U.S. at 124, 96 S.Ct. at 2510. That act provides, in pertinent part:

> (a)(1) The United States Claims Court shall have jurisdiction to render judgment upon any claim against the United States founded * * * upon any express or implied contract with the United States * * *. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service * * * shall be considered an express or implied contract with the United States.

28 U.S.C. § 1491(a)(1). *Sheehan* held that this language does not confer jurisdiction over wrongful discharge claims brought by an employee who gained his position through appointment. 456 U.S. at 735, 741, 102 S.Ct. at 2122, 2126.

Defendant has submitted the affidavit of James H. Henry, Director, Personnel Division, AAFES, in support of its assertion that Mr. Orona was employed by the AAFES through appointment and not by contract. Mr. Henry stated, "All ordinary employees of the Army and Air Force Exchange Service hold their positions by appointment and Mr. Orona was such an employee until his termination." Mr. Henry was the official custodian of plaintiff's Career Management File and based his statement on his review of that file. Plaintiff has failed to respond to Mr. Henry's affidavit and its contentions. Nor has plaintiff offered any explanation or record support for his statements that he was employed "under the universal employment contract" and that "his was an employment contract" with the AAFES.

■ Based upon the parties' pleadings and attached affidavits, this court has concluded that plaintiff was employed by the AAFES pursuant to appointment, thus precluding jurisdiction in this court pursuant to 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1).

■ In his amended complaint of March 1, 1983, plaintiff also contended that jurisdiction may be based on 28 U.S.C. § 1631. That statutory provision, however, is not a jurisdictional grant. Rather, it merely permits transfer of an action to this court if it is a "court in which the action * * * could have been brought at the time it was filed." This language does not grant the Claims Court jurisdiction to hear any case that comes its way by transfer from another federal court. *Cf. W.M. Schlosser Co. v. United States,* 705 F.2d 1336, 1339 (Fed.Cir.1983); *United States v. John C. Grimberg Co.,* 702 F.2d 1362, 1374 (Fed.Cir. 1983).

Because this court finds it is without jurisdiction to hear plaintiff's claim, defendant's motion to dismiss pursuant to RUSCC 12(b)(1) is ALLOWED.