**Edwin L. (Ted) ROGERS, Jr.**

v.

**The UNITED STATES.**

**No. 326–89C.**

United States Claims Court.

June 23, 1992.

### ORDER

REGINALD W. GIBSON, Judge.

Pursuant to RUSCC 60, this court *sua sponte* corrects page 29 of its December 19, 1991, 24 Cl.Ct. 676. Opinion in subject case in the following manner:

The first sentence on said page reading—

"Finally, and pursuant to 28 U.S.C. § 2507(a)[31] and RUSCC 34(d) call,[32] the Secretary of the Army *shall* calculate the amount of any and all back pay and other benefits to which SP5 Rogers is

entitled consistent with this opinion from the date of his involuntary discharge, *i.e.,* December 16, 1982, to the last day of the month in which said calculations are made."

is hereby corrected to read—

"Finally, and pursuant to 28 U.S.C. § 2507(a)[31] and RUSCC 34(d) call,[32] the Secretary of the Army *shall* calculate the amount of any and all back pay and other benefits to which SP5 Rogers is entitled consistent with this opinion from the date of his involuntary discharge, *i.e.,* December 16, 1982, to March 13, 1983 (the date of the expiration of his term of service or legal discharge). *Maier v. Orr,* 754 F.2d 973, 983 (Fed.Cir. 1985), and *Austin v. United States,* 206 Ct.Cl. 719, 723–24, *cert. denied,* 423 U.S.

911 [96 S.Ct. 215, 46 L.Ed.2d 140] (1975)."

Additionally, the Clerk shall enter judgment in favor of plaintiff and against defendant, in subject case, consistent with Enclosure #7 to the Department of the Army's response to the court's Call on December 19, 1991, *i.e.,* in the net amount of $4,187.70 ($5,273.13 for total pay and allowance minus debits of $1,085.43). No costs.

IT IS SO ORDERED.